### GOODWIN *et al. v.* HAMMOND *et al.*

AN answer responsive to and denying the charges in a bill of equity is not evidence for the defendant, though the bill be sustained by one witness only.

The Practice Act, as to evidence at least, governs all cases legal or equitable by the same rules.

If an instrument be void for actual fraud *ab initio*, it is void for every purpose of protection to the fraudulent actor, and will not be allowed to stand as security for advances made.

APPEAL from the Fourth District.

The bill was based upon an attachment levied by plaintiffs, as creditors of defendants, Chittle & Wardner, on the stock in the California Coal Company, transferred by them to defendant, Hammond.   Plaintiff had judgment, and defendant, Hammond, who alone answered, appeals.

*Yale*, for Appellant.   1. Where the answer to a bill in equity denies positively the allegations of the bill, the answer must be disproved by two witnesses, or by one witness and corroborating circumstances. (Practice Act, Secs. 46, 51, 52 ; *Brooks* v. *Chilton*, 6 Cal. 640 ; Practice Act, Secs. 113, 37, 53 ; 2 Cal. 593 ; Id. 378 ; Practice Act, Sec. 417 ; 5 Cal. 192 ; Id. 448 ; 4 Id. 6, 366 ; 9 Cranch. 160 ; 6 Vesey, 40 ; 2 Id. 244 ; Greenleaf Ev. Secs. 255, 351 ; Story's Eq. Jurisp. Sec. 1528 ; Gresley's Equity Evidence ; 6 Wheaton, 468 ; Laws·United States Courts, 464, foot note to Rule 43.)   The rule derives more force by reference to the Acts relating to the books of mining corporations.   (See Sec. 18 of Act April 14th, 1853 ; Wood's Digest, 122, Art. 497 ; Act of March 27th, 1857, Sec. 1.)   Entries in these books is presumptive evidence of the facts, and also of the *bona fides* of all the transac-.

tions detailed.   2. The decree is erroneous in setting aside the transfer *in toto*.   It is good to the extent of the actual consideration paid.   (*Hardy* v. *Handy*, 11 Wheat. 126.)

*Harmon & Labatt*, for Respondent, argued that if the rule in chancery were as stated by the Appellant's counsel, it has no application to this case; that the rule only applies when the plaintiff, of his own accord, swears to his bill, or calls upon defendant to answer under oath.   (Story's Eq. Juris. Sec. 1528; *Searcey* v. *Pannell*, Cooke's R. 110, cited in Note to *Field* v. *Holland*, 2 Pet. cond. 294.)   And that the Practice Act, (Sec. 417,) controls the question.   (See, also, Story's Eq. Juris. Sec. 1493.)   The only way for a party to give evidence is prescribed by that Act, in Section 418.   (3 Greenleaf Ev. Sec. 257, and Note 2.)   Besides, the rule never did apply to cases of fraud.

As to holding the stock as security for advances, notwithstanding the fraud, see *Borland* v. *Walker* (7 Ala. 280); *Sands* v. *Codwise* (4 Johns. 536).

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

Bill to set aside as fraudulent two transfers of stock of the California Coal Company, from the defendants, Chittle and Wardner, to defendant Hammond.

The Court below, on express evidence of the existence of the fraud, found for the plaintiff.

Several points are made by the Appellant.

1. That this proof was made by one witness only, and this in contradiction to the defendant's answer, which was responsive to, and negatived the charge in the bill; and that, by the rule of equity pleading, this is not sufficient.

The point is not well taken.   We have held recently, in several cases, that the Practice Act governs all cases of pleading, legal and equitable, by the same rules, at least in this respect; and that the answer is not evidence for the defendant.

2. That the decree is against evidence.   We have looked into the proof, and think it sustains the decree; at least, that the Judge below had legal evidence before him of the alleged fraud,

and we do not see any such error as would justify our inter-ference with his conclusion.

3. That the decree is erroneous, in setting aside the transfer *in toto*, and not allowing the alleged fraudulent vendee to hold the stock as security, to reimburse him for the amounts ex-pended by him in purchase money and assessments.

In some cases of mere constructive frauds, this principle is held by Courts of Equity, and in some instances of actual fraud the like doctrine has been maintained. But these last are rare· exceptions to the general rule. Where the fraud is actual and characterizes the transaction *ab initio*, we think the better rule is, that the deed is void for any purpose of protection to the fraudulent actor. (See *Borland* v. *Walker*, 7 Ala. 280; *Sands* v. *Codwise*, 4 Johns. 536; where the authorities are collected.)

The decree is affirmed.