[No. 6,812.]

## McFADDEN v. MITCHELL.

FRAUD AS TO CREDITORS—FRAUDULENT TRANSFER—INTENT—CONSIDERATION —PREFERENCE OF CREDITOR.—In an action involving the validity, as to creditors, of a transfer of personal property by a debtor, the Court instructed the jury in effect that, if they found from the evidence that there was no good or valuable consideration, the transfer was void as to creditors; and also instructed them that, where the consideration of a transfer is a debt, the property must bear a reasonable proportion to the preferred debt. *Held*, that both instructions were erroneous—being in conflict with § 3442 of the Civil Code.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

The complaint contains the usual allegations in an action for the recovery of personal property. The defendant is Sheriff of Los Angeles County, and his answer, besides denying the several allegations of the complaint, justifies the taking under an execution, placed in his hands, against one Gabriel Allen, and alleges that the property was, at the time of the levy and ever afterward, the property of Allen. The plaintiff deraigns title under a bill of sale made to him by Allen, in Sonora, (Mexico) where the cattle then were. The cattle were brought to Los Angeles by the plaintiff's agent, and were there levied upon by the defendant. The other facts are stated in the opinion.

*Brunson & Wells*, and *Bicknell & White*, for Appellant.

Inadequacy of consideration is not of itself sufficient, even as against creditors of an insolvent assignor, to authorize a Court to find fraud as a conclusion of law; and the Court erred in instructing the jury to the contrary. (Civ. Code, § 3442; *Hyde* v. *Chapman*, 33 Wis. 393; *Jamison* v. *King*, 50 Cal. 132; *Harris* v. *Burns*, Id. 140; *Thornton* v. *Hook*, 36 Id. 223.)

*Thom & Stephens*, for Respondent.

If there was no good or valuable consideration, the transfer was void. (Bump Fraud. Con. 230; *Lee* v. *Figg*, 37 Cal. 336.) An inadequate consideration is a badge of fraud, and is not sufficient to support a transfer, where good faith is otherwise impeached. (*Kaine* v. *Weigley*, 22 Pa. St. 179.) A debtor may prefer a creditor, but the property must bear a reasonable proportion to the preferred debt. (Bump Fraud. Con. 223–4; *Kahn* v. *McElrath*, 6 Watts, 151; *Robinson* v. *Stewart*, 10 N. Y. 189.)

Department No. 1, McKEE, J.:

It was error in the Court below to instruct the jury as follows: " If you find from the evidence that there was no good or valuable consideration from McFadden to Allen for the alleged transfer of the cattle, then you are instructed that such transfer was, and is, void as against the creditors of Allen."

By § 3442 of the Civil Code it is declared that the question of fraudulent intent, arising under the provisions of title 2, except as otherwise provided in § 3440 of the Code, is one of fact, and not of law, and that any transfer or change of personal property cannot be adjudged fraudulent solely on the ground that it was not made for a valuable consideration. Under this section it has been held that a gift by an insolvent debtor of a policy of life insurance could not be adjudged fraudulent against creditors, solely on the ground that the consideration was inadequate and the donor insolvent. Inadequacy of price and insolvency of a debtor may be circumstances more or less potential

in the determination of fraud as a question of fact; but failure of consideration is not in itself sufficient to justify a Court in finding fraud as matter of law. (*Jamison* v. *King*, 50 Cal. 133.) And in *Harris* v. *Burns*, Id. 140, it was held error to instruct a jury that a sale by an insolvent debtor of all his goods, with credit for the greater portion of the purchase-money, was conclusive evidence of an intent to hinder, delay, and defraud his creditors.

In the case in hand the Court below told the jury, in substance, that the single fact of want of consideration was, as matter of law, conclusive evidence of fraud in the transfer in controversy as against the creditors of Allen.

A kindred error is found in the last portion of the fifth instruction, in which the Court told the jury, on behalf of the defendant, that "the property must bear a reasonable proportion to the preferred debt." This, for the reasons already stated, was objectionable. By these instructions the Court, in effect, took away from the jury the consideration of fraudulent intent as a question of fact; and as they are contrary to the plain rule established by the Code, the judgment and order denying the motion for a new trial must be reversed. and the cause remanded for a new trial.

So ordered.

McKINSTRY, P. J., and THORNTON, J., concurred.