[No. 11088. Department One. — March 26, 1888.]

ALFRED I. BURKE, ASSIGNEE, ETC., OF JACOB ZECH, AN INSOLVENT, RESPONDENT, *v.* JACOB D. KOCH ET AL. K. MUESSDORFFER ET AL., EXECUTORS, ETC., OF JACOB D. KOCH, DECEASED, APPELLANTS.

CLAIM AND DELIVERY — JUDGMENT WHEN NEED NOT BE IN ALTERNATIVE. — In an action of claim and delivery of several articles of personal property, a portion of which has been disposed of by the defendant so that a return of all cannot be had, it is not necessary, in support of a judgment for the plaintiff, that the court should find the character or value of the articles which can be returned, or that the judgment should be entered in the alternative. In such a case, a judgment for the value of the entire property is proper.

ID. — FRAUDULENT CONVEYANCE — REINBURSEMENT OF FRAUDULENT TRANSFEREE. — In an action by an assignee in insolvency to recover the possession of property fraudulently transferred by his insolvent, the fraudulent transferee is not entitled, either in law or equity, to be reimbursed for any money paid by him to the insolvent as the purchase price of the property.

EVIDENCE — OBJECTION TO COMPETENCY. — An objection to evidence which is relevent to a point in issue, on the ground that it is "irrelevant and inadmissible," is not sufficient to raise the question of its competency.

JUDGMENT — EXCESSIVE DAMAGES. — A judgment for damages in excess of the amount prayed for is erroneous.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought by the assignee in insolvency of Jacob Zech, to set aside an assignment of certain personal property, made by him to his brother-in-law, the defendant Jacob Koch, on the ground that the same was made for the purpose of hindering, delaying, and defrauding the creditors of Jacob Zech. The property alleged to have been fraudulently assigned consisted of the stock in trade, tools, goods, wares, merchandise, and business of manufacturing and selling pianos, owned by the said Jacob Zech, situated and carried on at Nos. 211 and 213 Ninth Street, in the city and county of San Francisco. The fraudulent assignment was made on the 28th of April, 1880. The complaint prayed that the assignment be adjudged fraudulent and void; that the defendants be ordered to deliver the property to the plaintiff in the same condition that it was in on the 28th of April, 1880; or in case such a delivery could not be had, that a judgment be rendered against the defendants for the value of the property, to wit, the sum of six thousand dollars, with the sum of five hundred dollars damages for the detention thereof. The complaint further prayed that the defendants be compelled to account for all sums realized from the business and property since the date of the assignment, and for the appointment of a receiver. The court found that the assignment was fraudulent, and that since it was made the defendants had disposed of a large portion of the property, and converted the proceeds to their own use. The value of the entire property was found to be six thousand dollars, for which, with interest, judgment was rendered in favor of the plaintiff. The defendant Koch alone appealed from the judgment, and from an order refusing a new trial. He died pending the appeal, and his executors have been substi-

tuted in his place. The further facts are stated in the opinion of the court.

*A. C. Ellis,* and *William H. Sharp,* for Appellants.

The judgment is erroneous, and should be reversed because not in the alternative. (Code Civ. Proc., secs. 667, 682, subd. 5, 687; *Dwight* v. *Enos,* 9 N. Y. 472; *Nickerson* v. *Chatterton,* 7 Cal. 571, 572; *Campbell* v. *Jones,* 38 Cal. 507; *Kelly* v. *McKibben,* 54 Cal. 195; *McCue* v. *Tunstead,* 66 Cal. 487; *Cummings* v. *Stewart,* 42 Cal. 233; *Berson* v. *Nunan,* 63 Cal. 552; *Carson* v. *Applegarth,* 6 Nev. 189; *Lambert* v. *McFarland,* 2 Nev. 58; *Fitzhugh* v. *Wiman,* 9 N. Y. 559; *Ford* v. *Ford,* 3 Wis. 401; *Wallace* v. *Hilliard,* 7 Wis. 628.) The judgment is further erroneous, because it is for a greater sum than was sued for. (*Hooper* v. *Wells, Fargo & Co.,* 27 Cal. 35; 85 Am. Dec. 211.)

*Tilden & Tilden,* for Respondent.

Conceding that the action is for the claim and delivery of personal property, the judgment is not erroneous because not in the alternative. If a judgment for the return would be unavailing, because it could not be returned, a failure to render judgment for the return, and rendering judgment for damages only, is not error. (*Brown* v. *Johnson,* 45 Cal. 76; Wells on Replevin, sec. 507; *De Thomas* v. *Witherby,* 61 Cal. 92; 44 Am. Rep. 542; *Boley* v. *Griswold,* 20 Wall. 486; *Whitmore* v. *Rupe,* 65 Cal. 238.)

PATERSON, J.—Conceding that this action is, as claimed by appellant, an action of claim and delivery, it does not follow that the judgment is void or erroneous because not in the alternative. The court found that the defendants sold and disposed of a large portion of the property sued for, and appropriated the proceeds thereof. Under the findings of the court,—and the find-

ings are supported by the evidence,—the defendants stand as wrong-doers, as fraudulent assignor and fraudulent assignee. The defendant Zech, with the intent to hinder, delay, and defraud his creditors, made the assignment to his brother-in-law, defendant Koch, and the latter, with full knowledge of the fraudulent purpose, accepted the same to aid Zech in defrauding his creditors. In pursuance of their scheme, a part of the property which should have gone to the possession of the assignee, this plaintiff, was disposed of by the defendants. This fact appearing at the trial, the court was not bound to find the character or value of the articles which *could be returned*, or to enter a judgment in the alternative. (*Whitmore* v. *Rupe*, 65 Cal. 238; *Brown* v. *Johnson*, 45 Cal. 76.)

The fact that Koch paid two thousand two hundred dollars for the property—if such be the fact—is immaterial; it entitles the defendant Koch to no consideration, either at law or in equity. The defendants were both fraudulent actors. Actual fraud characterized the transaction *ab initio*, and the creditors are not called upon to reimburse Koch for money which was paid him to insure the fraud against detection. (*Goodwin* v. *Hammond*, 13 Cal. 168; *Swinford* v. *Rogers*, 23 Cal. 233.)

The statement shows that "plaintiff offered in evidence, as admissions made by Jacob Koch as to why he took the property, and his knowledge of the circumstances of Mr. Zech, and also showing he was told the value, *the testimony* of Mr. Koch taken at the trial of the opposition to the discharge of Jacob Zech in insolvency." The evidence was objected to by defendant as "irrelevant and inadmissible"; objection was overruled, and defendant excepted. The evidence following this offer and ruling appears to be a transcript of the sworn testimony of Koch, but is not shown to be such except by the statement above quoted. The evidence was not irrelevant if it was in fact a statement made by Koch, and the objec-

tion that it was inadmissible was insufficient to test the question of its competency. The ruling is, therefore, not shown to be erroneous.

The judgment is for $7,470 and costs. The plaintiff prayed for the sum of six thousand dollars, the value of the property, and five hundred dollars damages, and the prayer follows the *ad damnum* clause of the complaint, which alleges that plaintiff has been damaged in the sum of five hundred dollars by reason of the detention. In the absence of an amendment to the complaint, therefore, the court could not allow any damages beyond the amount prayed for.

The order denying a new trial is affirmed, and the cause is remanded, with directions to modify the judgment by striking out the figures $7,470, and inserting the figures $6,500 in lieu thereof. In all other respects the judgment is affirmed.

SEARLS, C. J., and McKINSTRY, J., concurred.

Hearing in Bank denied.