[No. 13817.  In Bank. — May 30, 1891.]

GEORGE THRELKEL, ADMINISTRATOR, ETC., RESPONDENT, v. H. A. SCOTT, APPELLANT.

FRAUDULENT CONVEYANCE — GIFT BY INSOLVENT TO WIFE — FRAUDULENT INTENT — PLEADING. — In an action by an administrator, against the wife of the intestate, to recover property alleged to have been voluntarily conveyed by him to her while he was insolvent, the fraudulent intent of the grantor is a fact necessary to be alleged in the complaint.

ID. — VOLUNTARY CONVEYANCE — FRAUD AS TO CREDITORS — QUESTION OF FACT. — A voluntary conveyance by an insolvent debtor is not necessarily fraudulent and void as to creditors, and a fraudulent intent, which is itself a question of fact, will not be necessarily inferred from such facts.

APPEAL from a judgment of the Superior Court of Placer County.

The facts are stated in the opinion.

*F. P. Tuttle*, for Appellant.

*Hale & Craig*, for Respondent.

FITZGERALD, C.—This action was brought by plaintiff, as the administrator of the estate of Robert N. Scott, the deceased husband of the defendant, to compel her to convey to him certain real property described in the complaint, and alleged therein to have been conveyed to her as a gift by her said husband on the day preceding his death, while fatally ill, and when he was indebted largely beyond his ability to pay.

It is further alleged that the whole of the said property so conveyed should be restored to the estate, in order that the value and proceeds thereof may be applied in due course of administration to the payment of the debts and claims due and payable out of the funds of the said estate.

The defendant demurred to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled by the court below, and upon defendant filing her answer, judgment was given for the plaintiff on the pleadings in the case, upon which judgment defendant prosecutes this appeal.

A question as to pleading, of much importance, is raised by the demurrer in this case, which seems to have been overlooked by counsel, as no reference whatever is made to it in their briefs, and that is, whether the fraudulent intent of the grantor, when he executed the conveyance, and which must be proved before plaintiff will be entitled to recover, is a fact necessary to be alleged in the complaint.

The power of the administrator to bring this action is derived solely from section 1589 of the Code of Civil Procedure, and in the exercise of it he is expressly limited by its provisions to actions for the recovery of property fraudulently conveyed by the decedent in his lifetime.

And the question here naturally suggests itself, whether the fraudulent intent, which is expressly declared by our statute to be a question of fact, is one the allegation of which is necessary to the sufficiency of the complaint.

We think it is, for the very obvious reason that the allegation of fraudulent intent is indispensable for the purpose of showing the plaintiff's authority under the law to bring the action. Nor will such fraudulent intent, which is itself a question of fact, be inferred from the facts stated in the complaint, either for that or any other purpose, for the further reason that a voluntary conveyance by an insolvent debtor is not necessarily fraudulent and void as to creditors. (*Jamison* v. *King*, 50 Cal. 136; *McFadden* v. *Mitchell*, 54 Cal. 628; *Bull* v. *Bray*, *ante*, p. 286.) Hence it follows that the fraudulent intent is a fact necessary to be alleged in the complaint.

As the complaint in this case contains no such allegation, we are of the opinion that the court erred in overruling the demurrer.

We therefore advise that the judgment be reversed, with direction to the court below to sustain the demurrer.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, with direction to the court below to sustain the demurrer.

BEATTY, C. J., dissented.