### THRELKEL v. SCOTT.

#### No. 18,157; November 25, 1893.

##### 34 Pac. 851.

**Fraudulent Conveyance—Pleading.**—In an Action to Set Aside
a conveyance as in fraud of creditors, an allegation in the complaint
that the grantor was insolvent when the conveyance was made, and
that it was done with intent to defraud creditors, is sufficient, without
specifically stating the manner in which the fraud was accomplished,
and the conduct and acts in reference to it.

**Fraudulent Conveyance—Evidence.**—In Such an Action, State-
ments made by the grantor shortly before executing the conveyance,
showing his knowledge of his indebtedness, are admissible on the ques-
tion of his intention in conveying away his property.

**Fraudulent Conveyance by Husband to Wife.**—The fact that
one conveys a large portion of his property, without valuable consid-
eration, to his wife, knowing at the time that his debts cannot be paid
without recourse to such property, tends strongly to prove that the
conveyance was made with intent to defraud creditors.[1]

**Fraudulent Conveyance by Husband to Wife.**—The fact that the
wife, on receipt of the deed, promised to pay all her husband's debts,
does not preclude a finding that the conveyance was fraudulent as
against his creditors, since it may have been intended to give her an
advantage as to the time of making payment, and thus hinder and
delay creditors.

**Fraudulent Conveyance by Husband to Wife.**—Knowledge of
the wife as to her husband's intention to defraud creditors on trans-
ferring his property to her is immaterial where she parted with no
valuable consideration.[2]

--------

[1] Cited in Knox v. Moses, 104 Cal. 505, 38 Pac. 319, where it is
pronounced as not to "limit the effect of the principles declared in
Bull v. Bray, 89 Cal. 286, 26 Pac. 873, and in no way to militate against
anything there decided."

[2] Cited and followed in Chalmers v. Sheehy, 132 Cal. 466, 84 Am.
St. Rep. 62, 64 Pac. 712, where in an action to quiet title there was
a similar issue, the court saying: "It is immaterial that Mrs. Chalmers
was innocent, or that she did know the condition of her husband's
affairs."

APPEAL from Superior Court, Placer County; W. H. Grant, Judge.

Action by G. L. Threlkel, administrator, etc., of Robert N. Scott, deceased, against Harriet A. Scott, to set aside a conveyance by deceased to defendant as in fraud of creditors. From a judgment for plaintiff, defendant appeals. Affirmed.

Tuttle & Tuttle for appellant; Hale & Craig and J. M. Fulweiler, for appellee.

TEMPLE, C.—This action was brought under section 1589, Code of Civil Procedure, to recover for the estate property conveyed by the deceased, on the ground that the conveyance was made to defraud creditors. Defendant appeals from the judgment and an order refusing her a new trial. The case has been here before: See Threlkel v. Scott, 89 Cal. 351, 26 Pac. 879. Since the first appeal the complaint was amended by adding an averment to the effect that the conveyance was made with the intent to defraud creditors. The complaint now avers facts showing the due appointment of the plaintiff as administrator; his qualification as such; that deceased was indebted in the sum of about $5,000, for which amount claims have been presented to plaintiff, as administrator, and which have been duly allowed. The assets in the hands of plaintiff, and their value, are stated, showing that they are insufficient to pay the claims allowed. The complaint then proceeds to charge: That October 4, 1888, deceased, being ill and contemplating approaching death, conveyed to the defendant, his wife, certain property, specially described in the complaint, and that defendant has since claimed to be the lawful owner thereof. That the conveyance was without any valuable consideration, and that at the time said Scott was indebted for all the liabilities presented against his estate and was insolvent. "That with intent to defraud his creditors, and to prevent the application of the proceeds of his said property to the payment of his just debts and liabilities, he fraudulently conveyed the same to his said wife, the defendant herein; and plaintiff avers upon information and belief that it will require the whole of said property, and the value thereof remaining after the satisfaction of liens existing thereon at the time

of said conveyance, to meet and discharge the said allowed claims due and payable out of the funds of said estate."

The point is made on demurrer to the amended complaint that it does not sufficiently set out the facts constituting the alleged fraud. It is contended that the manner in which the fraud was accomplished, and all conduct and acts in reference to it, should be specifically stated. I think the facts are stated with sufficient particularity. They are the insolvency of the intestate, and the conveyance with the intent to defraud his creditors. These facts alone are sufficient. The case is not like that where deceit or imposition is charged. Each of these ultimate facts may be proved by a great variety of probative facts, the nature of which are not disclosed by the general statement. In such cases justice requires that further information should be given to enable a defendant to understand the charge made against him. Not so here. In fact, it is difficult to see how the charge can be made more specific.

Objection is made to the ruling admitting certain statements alleged to have been made by Scott at the time the deed was executed, and some six weeks prior to that time. These statements tended to show that Scott knew of his indebtedness, and hence to throw light upon the question of his intention when he executed the deed. The evidence was properly admitted.

It is not necessary to review the action of the court in overruling defendant's motion for nonsuit, for defendant did not rest there, but proceeded to put in further evidence. The question now is, Does the evidence sustain the finding? The fact that one conveys a large portion of his property, without a valuable consideration, to his wife, knowing at the time that his debts cannot be paid without recourse to such property, tends strongly to prove that the conveyance was made with intent to defraud creditors. There is nothing in Bull v. Bray, 89 Cal. 294, 13 L. R. A. 576, 26 Pac. 873, opposed to this. On the contrary, this proposition is taken for granted in the opinion in that case. It is there only held that, however clear the evidence may be, the fraudulent intent must be found as a fact, and cannot be deduced as a conclusion of law from the finding that one greatly indebted conveyed a portion or all of his property as a gift. Although such facts, if found, might sufficiently prove fraud, still, under our statute, fraud is itself always a fact to be found by the jury, or the court

when sitting without a jury. The fact of fraud was found here, and the finding is sustained by the evidence.

We do not know whether the court believed the testimony to the effect that Mrs. Scott promised, on receipt of the deed, that she would see all the debts paid; but, even accepting such statement as a fact, it would still leave room for the finding of a fraudulent intent. It might still have been intended to give her an advantage, in that she could take her own time to pay. This would tend to prove a design to hinder and delay creditors.

There was evidence from which the court might justly infer that Scott knew that the insurance policy, if the amount were paid to the estate, would not pay all his debts. There was evidence tending to show that he knew of his indebtedness, and the presumption is that he knew the condition of his affairs. Whether Mrs. Scott knew the condition of her husband's affairs is immaterial, as she gave no valuable consideration for the property; but I think there was evidence tending to show knowledge on her part. The judgment and order should be affirmed.

We concur: Vanclief, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.