[No. 18294.   Department One.—September 26, 1894.]

MARY E. DAUGHERTY, ADMINISTRATRIX, ETC., APPELLANT, *v.* MARY DAUGHERTY ET AL., RESPONDENTS.

FRAUDULENT CONVEYANCE—INTENT.—Under section 3442 of the Civil Code, the question of fraudulent intent in a conveyance is one of fact and not of law.

ID.—VOLUNTARY CONVEYANCE BY DEBTOR.—A voluntary conveyance, made by a debtor in straitened circumstances, of all his property, which is kept secret until his death, until when he continued to use the property, is fraudulent, and a finding that it was not so, in an action to set aside the conveyance, is unsupported by the evidence.

APPEAL from a judgment of the Superior Court of Amador County, and from an order refusing a new trial.

The facts are stated in the opinion.

*R. C. Rust,* and *William J. McGee,* for Appellant.

The conveyance in question is fraudulent. (Pomeroy's Equity Jurisprudence, sec. 972; *Swartz* v. *Hazlett,* 8 Cal. 118; *Bull* v. *Bray,* 89 Cal. 286; *Lee* v. *Figg,* 37 Cal. 328; *Peek* v. *Peek,* 77 Cal. 111; 11 Am. St. Rep. 244; *Judson* v. *Lyford,* 84 Cal. 506; *Windhaus* v. *Bootz,* 92 Cal. 621; *Newman* v. *Cordell,* 43 Barb. 448; *Wood* v. *Hunt,* 38 Barb. 302.)

*D. B. Spagnoli,* for Respondents.

SEARLS, C.—George W. Daugherty, a married man, was the owner of a residence and a tract of land known as lots numbers 11, 12, and 13, in block number 8, in the town of Jackson, county of Amador, state of California, and was indebted in sundry sums of money amounting to say four hundred dollars, of which sums two hundred and five dollars was secured by a mortgage on the lots last mentioned.

On or about May 12, 1890, said George W. Daugherty filed a declaration of homestead upon his residence property, and conveyed to his mother, Mary Daugherty one of the respondents herein, by a voluntary deed of conveyance, in consideration of love and affection, the lots above mentioned. Besides the homestead and the lots thus conveyed said Daugherty, grantor, had no other property. Mary Daugherty, the mother and respondent, either paid off the mortgage on the lots conveyed to her, or advanced to her son and grantor the money necessary therefor, viz., two hundred and ten dollars, and the mortgage was satisfied.

George W. Daugherty continued in possession of the property so conveyed, and collected to his own use the rents therefrom, amounting to twelve dollars per month, until his death, which occurred April 5, 1891.

The appellant herein, who is his widow, was duly appointed administratrix of his estate, qualified as such, procured the homestead to be set apart for her and her infant child, and allowed claims against the estate aggregating some two hundred and six dollars, of which claims one hundred dollars at least was due prior to the voluntary conveyance aforesaid, and there being no assets for the payment of said claims the appellant, at the request of creditors, under section 1589 of the Code of Civil Procedure, instituted this action to set aside as fraudulent and void the deed of conveyance and to compel a reconveyance of the property by the mother, Mary Daugherty, etc. The complaint charges: 1. That the conveyance was voluntary and without valuable consideration; 2. Actual fraud on the part of deceased and

his mother with a view to defraud the creditors of deceased.

The answer admitted the conveyance, denied all fraud, etc. Cephas Daugherty is the husband of the other defendant, and is made a party defendant.

The cause was tried by the court without a jury, and written findings filed negativing all charges of fraud, upon which judgment was entered in favor of defendants for costs.

Plaintiff appeals from the judgment and from an order denying her motion for a new trial.

Under section 3442 of our Civil Code the question of *fraudulent intent* here is one of fact and not of law, "nor can any transfer or charge be adjudged fraudulent solely on the ground that it was not made for a valuable consideration." (*McFadden* v. *Mitchell*, 54 Cal. 628; *Bull* v. *Bray*, 89 Cal. 286; *Threlkel* v. *Scott*, 89 Cal. 351; *Windhaus* v. *Bootz*, 92 Cal. 617.)

The question then is, Did the testimony warrant the findings of the court?

I am driven to the conclusion that it did not. It established without any conflict whatever the following facts: 1. That the conveyance was voluntary; 2. That at the date of the conveyance decedent was indebted; 3. That he conveyed all of his property subject to execution; 4. That the conveyance was kept secret, and that neither his creditors or his father, who is a defendant here, knew of it until his death; 5. That he continued to use the property as his own up to the time of his death; 6. That one of his creditors, who held a small claim against him, was crowding him for payment; 7. There is also the testimony of four witnesses, to the effect that deceased declared to them at different times and places, in substance, "that he owed some money below and was afraid his creditors would hop on him," and was going to deed the property to his mother, and that his creditors were pushing him and he expected to be attached, and that "he had deeded his property to

prevent his creditors from attaching it, . . . . and that he would fight them to the bitter end."

There was no contradiction of any of this testimony except by showing declarations of deceased to the effect that he had had trouble with his wife, had separated from her, and wanted to fix it so that she would not get the property.

This constitutes a synopsis of the testimony on the question of fraudulent intent, and upon it the finding should have been in favor of the plaintiff, and the judgment and order appealed from should be reversed and a new trial ordered.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and a new trial ordered.

VAN FLEET, J., HARRISON, J., FITZGERALD, J.