[L. A. No. 4033. Department One.—July 13, 1917.]

JESSE H. ROSSEN, Respondent, v. J. C. VILLANUEVA et al., Defendants; LUCIAN B. SEWARD et al., Appellants.

FRAUDULENT CONVEYANCE—RIGHT OF JUDGMENT CREDITOR TO ATTACK.— A judgment creditor who has endeavored without avail to collect his judgment may attack a transfer as made with intent to delay or defraud creditors, although the judgment has not become final by affirmance on appeal, or by expiration of the time in which to appeal, and although he have no specific lien on the property transferred independent of the judgment.

ID.—PLEADING—INTENT TO DELAY OR DEFRAUD—QUESTION OF FACT.— Although an allegation that an act was fraudulently done is a legal conclusion, and therefore not good, the "intent to delay or defraud" is, under section 3442 of the Civil Code, a question of fact and not of law, and may be pleaded in so many words without stating facts to substantiate the charge.

ID.—EFFECT OF PARTICIPATION BY TRANSFEREE IN FRAUDULENT INTENT.— Where the transferee participates in the fraudulent intent, the transfer is void as to creditors, even though a valuable consideration may have been paid.

Id.—Evidence—Badges of Fraud.—Concealment and disappearance of
the judgment debtor, secrecy surrounding the transaction, efforts
of the transferees to hide from the judgment creditor the fact of
their purchase, and inadequate consideration for the purchase, are
all badges of fraud and circumstances tending to show fraudulent
intent.

APPEAL from a judgment of the Superior Court of San
Bernardino County.    Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Ralph E. Swing, for Appellants.

Herbert H. Chase, for Respondent.

SLOSS, J.—The plaintiff, Rossen, and the defendant, Villa-
nueva, had been partners in the bottling business at San Ber-
nardino.   On April 4, 1913, the plaintiff sold his one-half
interest in the property and business of the partnership to
the defendants, Seward and Owens, who thereafter, together
with Villanueva, conducted the business under the name of
Ranier Bottling Company.    During the existence of the
partnership between plaintiff and Villanueva the plaintiff
had contributed a larger amount to the capital of the business
than had Villanueva, and plaintiff had a claim against said
Villanueva for one-half of the excess thus contributed by him.
On or about March 1st, Villanueva sold his interest in the
partnership to Seward and Owens.   On March 21, 1914, the
plaintiff recovered a judgment against Villanueva for $592.46
on account of the claim above referred to.    Execution on said
judgment was issued and returned unsatisfied.

The complaint alleged that Villanueva's sale and transfer
of his interest in the partnership to Seward and Owens had
been made with the intent and purpose of defrauding plain-
tiff of the money so due him, and of preventing him from
collecting the same, and that said Seward and Owens partici-
pated in said fraudulent intent, and took the transfer with
the intent and purpose of assisting and aiding said Villa-
nueva in evading payment of said indebtedness, and prevent-
ing plaintiff from collecting the same.   It was further alleged
that after said sale Villanueva had no property out of which
his indebtedness to the plaintiff could be satisfied in whole

or in part. The prayer was for judgment that the transfer
to Seward and Owens be canceled and declared void, and that
an *alias* execution be issued in the former action of Rossen *v.*
Villanueva, empowering the sheriff to sell the said partner-
ship interest of Villanueva.

The court found the foregoing facts in favor of the plain-
tiff, and rendered judgment for him as prayed  The defend-
ants, Seward and Owens, appeal from the judgment.

The complaint contains, in addition to the averments which
we have summarized, a number of additional allegations,
which were found by the court to be true.  There is no occa-
sion to recite their purport, or to discuss the sufficiency of the
evidence to support the findings in their favor.  The facts
which we have stated are sufficient in themselves to entitle the
plaintiff to relief.

Under section 3439 of the Civil Code, every transfer of
property made with intent to delay or defraud any creditor
or other person of his demands is void against all creditors of
the debtor.  Under section 3442 of the same code, the ques-
tion of fraudulent intent is one of fact and not of law.  A
creditor may attack a transfer as fraudulent when he has re-
duced his claim to judgment, and has endeavored without
avail to collect the same by execution.  (*Thornburgh* v. *Hand,*
7 Cal. 554; *Bickerstaff* v. *Doub,* 19 Cal. 109, [79 Am. Dec.
204]; *Mesmer* v. *Jenkins,* 61 Cal. 151; *Brown* v. *Campbell,*
100 Cal. 635, [38 Am. St. Rep. 314, 35 Pac. 433].)  This the
plaintiff did here.  He was not required to show that he had
any specific lien, independent of the judgment, upon the prop-
erty transferred by his debtor.  Nor is it a prerequisite to the
creditor's right that the judgment obtained by him shall have
become final by affirmance on appeal, or by the lapse of the
time in which an appeal might have been taken.  "If he has
put himself in a position to levy execution, he has done every-
thing necessary to enable him to attack the transfer which
hinders his enjoyment of his right."  (*Sewell* v. *Price,* 164
Cal. 265, 270, [128 Pac. 407]; *Jenner* v. *Murphy,* 6 Cal. App
434, [92 Pac. 405].)

It is familiar law that a pleading which merely alleges in
general terms that an act was fraudulently done will not be
held good.  Fraud, for purposes of pleading, is a legal con-
clusion.  But the intent "to delay or defraud" a creditor is
a question of fact (Civ. Code, sec. 3442), and may be pleaded

in so many words, without stating the evidence or the specific facts which go to substantiate the charge. (20 Cyc. 736; *Threlkel* v. *Scott,* 4 Cal. Unrep. 346, [34 Pac. 851] ; *Anderson* v. *Bank of Lassen County,* 140 Cal. 695, [74 Pac. 287].)

Where the transferee participates in the fraudulent intent, the transfer is void as to creditors, even though a valuable consideration may have been paid. (*Goodwin* v. *Hammond,* 13 Cal. 168, [73 Am. Dec. 574] ; *Swinford* v. *Rogers,* 23 Cal. 234; *Bull* v. *Ford,* 66 Cal. 176, [4 Pac. 1175] ; *Burke* v. *Koch,* 75 Cal. 356, [17 Pac. 228].) Here it is alleged and found that Seward and Owens took the transfer with the intent and purpose of assisting and aiding Villanueva in evading payment of his indebtedness to plaintiff.

The only question is whether the evidence supports the findings of a fraudulent intent on the part of Villanueva and of the appellants here.

There was evidence tending to show that when the plaintiff, Rossen, sold his interest to the defendants, he advised them that he still retained a claim against Villanueva. The amount of this claim was in dispute, and the plaintiff and Villanueva finally agreed to submit it to the decision of a referee. On February 26, 1914, the referee made his findings and decision, fixing the indebtedness of Villanueva to Rossen at $547.16. From that date until the 5th of March following, Rossen made daily efforts to find Villanueva, but did not succeed in locating him. During this time both Seward and Owens knew that plaintiff was trying to collect his claim from Villanueva. The evidence warrants the inference that Villanueva was concealing himself from Rossen. In response to plaintiff's repeated inquiries, Seward told him during this time that he did not know where Villanueva was. Seward had authorized the plaintiff to purchase Villanueva's interest on behalf of Seward and Owens for one thousand seven hundred dollars. On the 2d of March Seward and Owens bought Villanueva's interest from him for nine hundred dollars, they agreeing to assume the indebtedness of the firm. The transaction was conducted at Colton, instead of San Bernardino, where the business was located. On the 4th of March, two days after the appellants had made this purchase, Rossen told Seward that he had heard that a sale had been made in Colton of Villanueva's interest, and Seward said, in response to this, that he knew nothing about it. Seward, in testifying, ad-

mitted this, his explanation being that he did not "have to tell all his business." Owens, who closed the transaction with Villanueva, carried to Colton the amount of the purchase price in currency, and paid it in that form, although he and Seward had a bank account and were in the habit of paying their larger bills by check. When Rossen asked Owens how much he had paid Villanueva, Owens answered that it was none of his business. Villanueva has not been seen by any of the parties concerned since this money was paid to him.

No extended argument is needed to demonstrate that the findings assailed are fully supported. The facts speak for themselves. The debtor's concealment, his subsequent disappearance, the unusual mode in which the appellants made their purchase (20 Cyc. 451), the secrecy surrounding the transaction (20 Cyc. 447; *Daugherty* v. *Daugherty,* 104 Cal. 221, [37 Pac. 889]; *Bush & M. Co.* v. *Helbing,* 134 Cal. 676, [66 Pac. 967]), the disingenuous conduct of the appellants and their active efforts to hide from the plaintiff the fact of their purchase (20 Cyc. 446), all these are badges of fraud so convincing that it may well be doubted whether findings in favor of the defendants could have been sustained. We may add that the evidence justifies the inference that the consideration paid was considerably less than the full value. The defendants had offered, a few days before their purchase, to pay one thousand seven hundred dollars for Villanueva's interest, and the court was justified in treating this as evidence of value. The purchase for an inadequate consideration is an additional circumstance tending to show fraudulent intent.

The judgment is affirmed.

Shaw, J., and Victor E. Shaw, J., *pro tem.,* concurred.