# PAUL KEMP AS ADMINISTRATOR OF THE ESTATE OF FREDERICK HOLZ, DECEASED v. EMIL HOLZ.[1]

June 10, 1921.

No. 22,259.

**Avoidance of gift — issue not presented by pleadings.**

A claim was duly allowed against an estate, and, there being a deficiency of assets, the administrator sued defendant, alleging that he was indebted to decedent and had wrongfully converted to his use a certain savings bank deposit of decedent's, changed some six months before decedent died to the joint account of decedent and defendant, and "payable to the order of either of the survivors." The administrator conceded that the change of the account amounted to an executed gift, but claimed it to be void as against the creditor named. It is *held*:

In view of the concession and the pleading, the court was justified in finding, in effect, that there was no conversion. The complaint contained no allegation that a gift or transfer had been made to defendant, or any grounds for avoiding it in behalf of a creditor existing at the time it was made. And the court was not required to make findings on issues not presented by the pleadings and which cannot be held to have been litigated by consent.

Action in the district court for Winona county for a decree to compel defendant to disclose the amount of money or other property in his hands belonging to the estate, and to pay the same to plaintiff. The case was tried before Childress, judge of the Fifth judicial district sitting as judge of the Third judicial district, who made findings and dismissed the action. Plaintiff's motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Webber, George & Owen,* for appellant.
*Brown, Abbott & Somsen,* for respondent.

HOLT, J.

The administrator of the estate of Fred Holz, deceased, sued defen-

[1]Reported in 183 N. W. 287.

dant, alleging that Fred Holz died on November 28, 1918, leaving property; that plaintiff has been unable to find any belonging to the estate; that Anna Fleischfresser, a daughter of the deceased and a sister of defendant, made an agreement with deceased in 1912, under which he should live and board with her and pay ten dollars a month at his death; that he died without paying her; that she presented a claim therefor against the estate, which defendant contested in the probate court, but it was allowed in the sum of $810; that it remains wholly unpaid; that in 1907 the deceased conveyed a valuable farm to defendant, without consideration, but on condition that defendant should make certain annual payments to the deceased and his wife; that these payments have not been made, and defendant owed his father at the time of his death over $2,000 thereon. Then comes this allegation:

"The plaintiff further shows to the court upon information and belief that at the time of decedent's death he had cash and money on deposit in bank in a sum exceeding $1,400, which sum the defendant wrongfully obtained possession of, and has ever since kept and retained, and although demand has been made upon him by the plaintiff that he turn over said sum of money to him, the defendant has refused and still wrongfully refuses to pay the plaintiff any part thereof or to account to plaintiff therefor."

The prayer for the judgment and decree of the court is "that the defendant be made to disclose the amount of money or other property in his hands belonging to the estate of the deceased and that he be required to pay the same to the plaintiff," etc.

The court found the allegations of the complaint true as to the deeding of the farm; the death of Fred Holz; the appointment of plaintiff as administrator of his estate; that a claim was duly allowed against the estate in the sum of $810; that the estate has no assets with which to pay the claim; that defendant has fully performed the conditions in the deed mentioned; that he is not indebted to the estate or plaintiff, and that at the time of the death of said Fred Holz defendant had no money or other property belonging to decedent in his possession or control, and ordered a dismissal. From the judgment plaintiff appeals.

There were motions to amend the findings. They were denied.

These motions and the appeal are directed to the proposition that $707 in a savings bank at Winona, when Fred Holz died, is available to pay the claim allowed against his estate. The undisputed facts in respect to this deposit were: About six months before his death Fred Holz asked defendant to go with him to this savings bank. At the bank he produced his pass-book upon which his name had been entered as depositor and requested the banker to also enter defendant as depositor. This was done, and above the two names the banker imprinted with a rubber stamp the following: "Joint account. Payable to the order of either of the survivors." Before so doing the banker explained to Fred Holz that in case he died the money would belong to defendant. The pass-book was given Fred Holz and remained with him until he died. No money was either deposited or withdrawn from the time the change in the pass-book was made until the death of Fred Holz.

If this deposit remained the sole property of Fred Holz, and the entry of defendant's name as a joint depositor was for convenience only, so that the money might be withdrawn by the son when the father, because of infirmity or death, could not do so, this action is well brought. But the trial court was of the opinion that the transaction at the bank amounted to a gift inter vivos, and, since the action was in conversion and not to set aside this gift as being void as to existing creditors of the donor, no recovery could be had. The appellant seems to concede, both in this court and in the court below, that there was an executed gift, but contends that, being voluntary and without consideration, it was void as against the claim allowed, since it existed when the gift was made. We must now assume that the court was justified in finding an executed gift of the deposit. The legal title thereto must then have passed to defendant.

In McLeod v. Hennepin County Savings Bank, 145 Minn. 299, 176 N. W. 987, a deposit to a joint account with right to the survivor was considered and the authorities collated. It was there held that the evidence sustained the finding of an executed gift. Had such finding here been challenged, the result might not have been the same, for the evidence here is much weaker, and tends rather to establish an attempt to make a testamentary gift than a gift in praesenti. In the case cited the question was not decided whether section 6390, G. S. 1913, affects

the rights between the joint owners of a deposit, or was solely to fix the rights as between the bank and the depositors. With the concession of appellant already referred to, we need not consider whether that statute bears on any question before us. Plaintiff was never in possession of the deposit, and, as between his intestate and defendant, there had been a lawful transfer of title under which the latter held possession. "The deed, even if fraudulent as to creditors, would be valid between the parties to it." Thysell v. McDonald, 134 Minn. 400, 159 N. W. 958, Ann. Cas. 1917C, 1015.

In that situation we think plaintiff, as representing the creditor of the intestate, could not sue defendant either in conversion or replevin, but must bring the action under section 7313, G. S. 1913, to set aside or annul the transfer and allege that it was made to defraud creditors or set out the ground upon which it is sought to be annulled. The complaint contains no averment of a gift of this deposit, nor any ground for setting it aside or that when made the decedent did not retain enough money to pay the claim in question.

Bennett v. Schuster, 24 Minn. 383, has been cited in Cobbey, Replevin, 72 (2d ed.) as holding that in cases like this replevin by the administrator will lie. However, an examination of the opinion as well as the syllabus will show that it does not so hold, but that the inference is to the contrary, for the decision was bottomed on the fact that, after the property had come into the lawful possession of the administrator, the defendant therein had subsequently taken it wrongfully. See also Threlkel v. Scott, 89 Cal. 351, 26 Pac. 879.

It cannot be said that the issue was litigated by consent, for all the evidence offered was properly admissible on the issue made by the pleadings, viz., conversion. No request was made to amend the complaint in the court below, and it would hardly be right for this court to order it done. It may be that defendant, in any event, might successfully defend as to the amount of the deposit that was used by him to defray funeral expenses.

As the situation was at the conclusion of the trial we think the court made all the findings required and no error was made in refusing to find upon issues not presented by the pleadings.

Judgment is affirmed.