### FIRST PRESBYTERIAN CHURCH OF SANTA BARBARA, CAL., v. RABBITT.

No. 9561.

Circuit Court of Appeals, Ninth Circuit.

Dec. 6, 1940.

Rehearing Denied Jan. 14, 1941.

---

Schauer, Ryon and McMahon and Robert W. McIntyre, all of Santa Barbara, Cal., for appellant.

Edward Gallaudet, of Glendale, Cal., and Hubert Laugharn and Sampson Miller, both of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee, M. L. Rabbitt, as trustee in bankruptcy of James Marwick, brought a plenary action against appellant, the First Presbyterian Church of Santa Barbara, California, to avoid a deed whereby Marwick had transferred certain real property to appellant, and to recover the property. Appellant answered,[1] trial was had, findings of fact and conclusions of law were made and filed, and judgment was entered in appellee's favor. Appellant seeks reversal.

On November 28, 1927, Marwick executed a declaration of trust the pertinent portions of which are as follows:

"* * * [Whereas] I, James Marwick, the undersigned, have heretofore offered and agreed to pay to [appellant] the sum of $25,000.00 to be applied towards the reconstruction of the House of Worship of [appellant] and the building of additions thereto, which said agreement was predicated upon my being able to sell certain real property then belonging to myself on LaMesa in Santa Barbara County, California, and

"Whereas said property has been sold but under terms and conditions which will not admit of the payment of said sum of $25,000.00 in cash, and

"Whereas I also hold the [property here involved] and am desirous that the said sum of $25,000.00 shall be a charge against the same,

"Now therefore these presents certify:

"That I own and hold said property in trust for and as security for the payment of said sum of $25,000.00 to [appellant] and that in the event of my death prior to paying said sum of $25,000.00 or in the event of my failure to pay the same within ten years from date hereof then [appellant] shall take record title to said property and be the sole owner thereof and I shall relinquish all claims whatsoever thereto. I leave this instrument in the possession of Messrs. Schauer & Ryon, attorneys at law, Santa Barbara, California, and they are hereby instructed to carry the terms hereof into effect."

The declaration of trust was delivered by Marwick to appellant's agent, Fred H. Schauer, a member of the law firm of Schauer & Ryon, on November 28, 1927, and was recorded on March 24, 1932. On March 26, 1932, Marwick and his wife, as parties of the first part, and appellant, as party of the second part, executed a deed the pertinent portions of which are as follows:

"* * * [Whereas] said James Marwick * * * heretofore made a pledge to the building and reconstruction fund of [appellant], which pledge was secured by [the declaration of trust] dated November 28, 1927 * * * and

"Whereas [appellant] is at this time willing to accept the fee title to [the property here involved]' and in consideration thereof release said James Marwick from all his obligations to [appellant],

"Now therefore this indenture witnesseth:

"That [James Marwick and wife], for and in consideration of the sum of Ten Dollars to them in hand paid, and other valuable considerations to them passing from [appellant], including a complete release from all obligations of said James Marwick to [appellant], do by these presents grant, bargain, sell, convey and confirm unto [appellant], its successors and assigns forever, [the property here involved]."

---

[1] Appellant and appellee have stipulated that Marwick—who, though not a necessary party, was joined as a defendant—appeared at the trial, disclaimed all interest in the property, and "asked leave of court to withdraw from the proceedings," and that such leave was granted.

The deed was delivered to appellant on March 29, 1932, and was recorded on March 30, 1932. Thereupon appellant entered into and has since remained in possession of the property. Marwick was adjudged a bankrupt on July 10, 1936. This action was commenced on July 29, 1938.

The action appears to have been based on §§ 3439 and 3442 of the California Civil Code[2] and § 70, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e.[3] The complaint alleged that the deed was made with intent, on the part of both Marwick and appellant, to defraud Marwick's creditors, that it was made without a valuable consideration, and that it was made while Marwick was insolvent. The answer denied these allegations, but the court found them to be true and hence concluded that, as against appellee, the deed was void.

■ The finding that the deed was made with intent, on the part of both Marwick and appellant, to defraud Marwick's creditors is not challenged. Hence, we need not consider the finding that it was made without a valuable consideration or the finding that it was made while Marwick was insolvent. For if, as appears to be conceded, the deed was made with intent, on the part of both Marwick and appellant, to defraud Marwick's creditors, it was void against them and against appellee,[4] regardless of whether there was or was not a valuable consideration,[5] and regardless of Marwick's solvency or insolvency.[6]

■ Appellant pleaded the statute of limitations (California Code of Civil Procedure, § 338), which provides that an action for relief against fraud shall be commenced within three years after the cause of action shall have accrued, but that the cause of action in such a case shall "not be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud." Here, one of the aggrieved parties was Marie Scheinman, who, at the time the deed was executed and at all times thereafter, was a creditor of Marwick having a claim which was provable under the Bankruptcy Act. The facts constituting the fraud against which relief was sought in this action were not discovered by Marie Scheinman until October, 1935, or later. Hence, the time within which she might have brought such an action had not expired when this action was com-

---

[2] At all times here pertinent, §§ 3439 and 3442 of the California Civil Code provided:

"§ 3439. Every transfer of property or charge thereon made * * * with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor, and their successors in interest, and against any person upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor."

"§ 3442. * * * [Any] transfer or encumbrance of property made or given voluntarily, or without a valuable consideration, by a party while insolvent or in contemplation of insolvency, shall be fraudulent, and void as to existing creditors."

[3] Section 70, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e, provides:

"e. (1) A transfer made * * * by a debtor adjudged a bankrupt * * * which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under [the Bankruptcy Act], shall be null and void as against the trustee of such debtor.

"(2) All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer * * * shall be avoided by, the trustee for the benefit of the estate. The trustee shall reclaim and recover such property or collect its value from and avoid such transfer * * * against whomever may hold or have received it, except a person as to whom the transfer * * * is valid under applicable Federal or State laws.

"(3) For the purpose of such recovery or of the avoidance of such transfer * * * where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction."

[4] California Civil Code, § 3439.

[5] Swinford v. Rogers, 23 Cal. 233, 235; Burke v. Koch, 75 Cal. 356, 359, 17 P. 228; Rossen v. Villanueva, 175 Cal. 632, 635, 166 P. 1004.

[6] Hager v. Shindler, 29 Cal. 47, 57–60; First National Bank v. Maxwell, 123 Cal. 360, 372, 55 P. 980, 69 Am.St.Rep. 964; Title Insurance & Trust Co. v. California Development Co., 171 Cal. 173, 213, 152 P. 542; Fross v. Wotton, 3 Cal.2d 384, 387–390, 44 P.2d 350.

menced—July 29, 1938. Hence, this action was not barred. Bankruptcy Act, § 70, sub. e(1), 11 U.S.C.A. § 110, sub. e(1).

■ Appellant contends that from and after March 30, 1932—the date on which the deed was recorded—Marie Scheinman had constructive knowledge of the facts constituting the fraud against which relief was sought. The contention is rejected. For the record did not disclose the facts constituting the fraud nor any reason for believing that such facts existed. Whether, if such facts had been disclosed by the record, Marie Scheinman would have been chargeable with knowledge thereof, we need not and do not decide.

■ The judgment avoided not only the deed, but also the declaration of trust. This was error. Avoidance of the declaration was not sought in this action. The declaration was not mentioned in the complaint. It was pleaded in the answer and put in evidence by appellant. Its validity was not challenged by pleading or by proof. There was, therefore, no basis for holding it void.

■ The declaration did not, as claimed by appellant, vest legal title to the property in appellant. The declaration was a "transfer of an interest in property, other than in trust, made only as a security for the performance of another act," namely, the payment of $25,000 by Marwick to appellant within ten years from October 28, 1927. Hence, the declaration was, in effect, a mortgage. California Civil Code, § 2924. Legal title to the property remained in appellant until his adjudication as a bankrupt and, upon appellee's appointment and qualification as trustee in bankruptcy, passed to appellee, subject, however, to appellant's rights under the declaration. Bankruptcy Act, § 70, sub. a, 11 U.S.C.A. § 110, sub. a; In re Jersey Island Packing Co., 9 Cir., 138 F. 625, 2 L.R.A.,N.S., 560. Appellant's rights under the declaration were and are those of a mortgagee holding a valid subsisting mortgage securing the payment to appellant of $25,000, of which, it is conceded, $500 has been paid and $24,500 remains unpaid.

The judgment is modified by striking therefrom so much thereof as adjudges and decrees that appellant has no right, title, claim or interest in or to the property therein described or any part thereof, and that the declaration of trust dated November 28, 1927, is void and of no force and effect as to appellee. The judgment is further modified so as to adjudge and decree that appellant's rights under said declaration and with respect to said property are as hereinabove stated.

As thus modified, the judgment is affirmed.

### On Petition for Rehearing.

Appellee, in a petition for rehearing, complains of the following statement in our opinion filed December 6, 1940: "The judgment avoided not only the deed, but also the declaration of trust. This was error. Avoidance of the declaration was not sought in this action. The declaration was not mentioned in the complaint. It was pleaded in the answer and put in evidence by appellant. Its validity was not challenged by pleading or by proof. There was, therefore, no basis for holding it void." The petition discloses, not that the statement was wrong, but that appellee has misunderstood it. In view of this misunderstanding, we deem it proper to amplify the statement.

■ The answer alleged that the declaration of trust was executed by Marwick and delivered to appellant on November 28, 1927, and recorded on March 24, 1932. A copy of the declaration was attached to and made part of the answer. No reply was ordered, and none was filed. Thus, with the filing of the answer, the pleadings were closed. Federal Rules of Civil Procedure, rule 7(a), 28 U.S.C.A. following section 723c. No reply being required, the allegations of the answer were "taken as denied or avoided." Id., Rule 8(d).

■ Thus appellant had the burden of proving the execution, delivery and recordation of the declaration, and appellee had the burden of proving the facts, if any, relied on by him as avoiding the declaration. Appellant's burden was sustained, appellee's was not. That is to say, appellant proved the execution, delivery and recordation of the declaration by uncontradicted evidence, but appellee did not prove facts showing the declaration to be void.

■ The mere fact, assuming it to be a fact, that there was no consideration for the declaration did not render it void. Such absence of consideration would have had significance if, and only if, it had been

shown that Marwick, at the time of the declaration, had a creditor or creditors other than appellant. California Civil Code, §§ 3439, 3442. There was no such showing. So far as the record shows, Marwick was solvent at the time of the declaration, owed no one but appellant, and could lawfully give away his property if he chose.

Thus the statement in our opinion that the validity of the declaration was not challenged was correct. Not having been challenged, the validity of the declaration was, in effect, admitted. For the presumption is not that an instrument is void, but that it is valid. In failing to give effect to this presumption of validity, the court below fell into error.

The suggestion that the question of validity of the declaration be left for future determination is rejected. A determination of the respective rights of the parties in and to the property described in the declaration was sought in this action. Necessarily, this involved a determination of the effect, if any, to be given the declaration. If the declaration was for any reason void, it was incumbent on appellee to prove it void in this action. Having failed so to do, he is not entitled to another chance.

Petition denied.