### SECURITY–FIRST NAT. BANK OF LOS ANGELES et al. v. RINDGE LAND & NAVIGATION CO.
#### No. 7965.

Circuit Court of Appeals, Ninth Circuit.
Oct. 19, 1936.

GARRECHT, Circuit Judge, dissenting.

For former opinion, see 85 F.(2d) 557.

Orrick, Palmer & Dahlquist and Garret W. McEnerney, all of San Francisco, Cal., for appellant Pacific States Savings & Loan Co.

Newlin & Ashburn, A. W. Ashburn, Gurney E. Newlin, and Clyde E. Holley, all of Los Angeles, Cal., for appellant Security First Nat. Bank of Los Angeles.

John W. Preston and Agnew & Boekel, all of San Francisco, Cal., Rea, Free & Jacka, of San Jose, Cal., and Marvin Osburn, of Los Angeles, Cal., for appellee Rindge Land & Navigation Co.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

DENMAN, Circuit Judge.

The petition for rehearing asserts that the opinion of the court in effect finds that the bonds were sold by the bondholders' committee to the Pacific States as a result of fraudulent conspiracy and then ignores its finding in reaching its conclusions. No such inference from the findings is warranted. The dealings between the bondholders' committee and the Pacific States were free from any obligation, legal or equitable, to the debtor. In the absence of any lawful obligation to the debtor, the purchase of the bonds is not converted into a fraudulent conspiracy because one or all the negotiators had a motive, however unethical in character, which would be satisfied by the fact that the lawful profit, if made, would exhaust the proceeds of the sale of the security given by the debtor corporation and leave nothing for it and its stockholders. It is not incumbent upon the court to assess the justification or lack of it, for the personal resentments between the representatives of the two syndicates after months of hostile negotiation.

Petition for rehearing denied.

GARRECHT, Circuit Judge (dissenting).

The facts as found by the lower court which are supported by the evidence establish collusion and fraud. Further, under

the circumstances disclosed in this case, appellants were under equitable obligation not to overreach the debtor and unsecured creditors as was done. The decree of the District Court should be affirmed.