## TAYLOR v. MERRILL.
### No. 8845.

Circuit Court of Appeals, Ninth Circuit.
June 17, 1939.

George O. Hilzinger and John W. Ross, both of Tucson, Ariz., for appellant.

Townsend, Jenckes & Wildman, of Phoenix, Ariz., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the district court, based on a verdict of a jury, in a plenary action by the trustee of a corporation, adjudicated a bankrupt in another proceeding, against appellant, the general manager of the corporation.

The complaint had two counts. The first charged a preference in the payment to appellant of $3,970 within four months of the adjudication, in violation of Section 60b of the Bankruptcy Act of July 1, 1898, 11 U.S.C. § 96(b), 11 U.S.C.A. § 96(b). On this count, under direction of the court, the jury brought a verdict for appellant.

The second count, conferring federal jurisdiction because under Section 67e of the Bankruptcy Act of July 1, 1898, as amended by Act of February 5, 1903, c. 487, § 16, 32 Stat. 800, 11 U.S.C. § 107(e), 11 U.S.C.A. § 107(e), and praying solely for a money judgment, alleges the receipt of the money by defendant and demand for and refusal of payment. It also alleges the adjudication in bankruptcy, the payment to appellant of the corporation's moneys within four months prior to the adjudication, and specifically: "That said corporation, bankrupt, was not then and there indebted to defendant in said sum of $3970.00 so transferred and paid over to defendant as aforesaid, or in any sum, or at all, and no consideration of whatsoever kind or nature then and there nor thereafter moved from defendant to said corporation, bankrupt, in consideration for said transfer and payment, or any part thereof; that said corporation, bankrupt, was then and there insolvent, and that said transfer and payment were then and there made by said corporation, bankrupt, with the intent and purpose on its part to hinder, delay and defraud the creditors of said corporation, bankrupt."

Appellant claims that this second count is for an equitable remedy because, although it prays for no more than a judgment for money, in essence it involves a rescission of a past transaction for fraud. Hence, it is claimed, the judgment is an equitable decree and erroneous because there are no findings as required by Equity Rule 70½, 28 U.S.C.A. following section 723. Section 67e provides that it is the duty of the trustee to "recover * * * by legal proceedings" the money here taken. There is no merit in this contention. It is elementary that the basis of the action for money had and received, is that it is held by the defendant when in equity and good conscience it belongs to the plaintiff.

Appellant also claims that the above quoted allegation fails to state a cause of action because the fraudulent intent imputed to the paying corporation is a mere statement of a conclusion of law. With this we do not agree. The paying out, without consideration, of the insolvent corporation's moneys to its general manager, to whom they are not owed, is wrongful act and the fact of the corporate intent to injure the creditors is sufficiently pleaded. De Hierapolis v. Lawrence, C.C., 115 F. 761, 764; Platt v. Mead, D.C., 9 F. 91, 98; Rossen v. Villanueva, 175 Cal. 632, 634, 166 P. 1004; 27 C.J. p. 774, § 681 and cases in note 5.

Appellant relies on Irving Trust Co. v. Chase National Bank, 2 Cir., 65 F.2d 409. There it was pleaded that the payee bank was a creditor entitled to the payment and we regard this case as holding no more than that a payment of a just debt is not a fraud on the other creditors, even if the pleading attempts so to describe it. The intent was to do a lawful act. The allegation is no more than an assertion of an unethical motive in an intended lawful act. Security First National Bank v. Rindge

712

Land & Nav. Co., 9 Cir., 86 F.2d 3, 107 A.L.R. 1256.

■ Appellant alleges error in the court's denial of motions made at the beginning of the trial and at the close of the evidence to compel the appellee plaintiff to elect between the two causes of action. As stated, the court instructed the jury to bring in a verdict for the defendant on the first cause. The jury, confined to the second cause of action, then brought in the challenged verdict. We see neither error nor possible prejudice against appellant in such a procedure.

■ Appellant assigns as error that the evidence will not support the verdict. The appeal was taken on August 17, 1937, and the bill of exceptions settled January 19, 1938, both before the Federal Rules of Civil Procedure became effective. Since the bill of exceptions shows no motion for an instructed verdict for appellant we cannot consider this assignment.

■ Other errors are assigned to the overruling of objections to the admission of evidence, but as to all the bill of exceptions fails to show what objection was made or the grounds for it. Hence we do not know what the question was upon which the court ruled. Appellant's assignments of error contain what is claimed to be a statement of the objections and their grounds with excerpts of what purports to be the pertinent evidence, but we are confined to the bill in determining what transpired at the trial.

■ Other assignments concern portions of the instructions to which no exceptions are directed. As the law then was with reference to jury trials in law cases, appellant could not permit a case to go to the jury without advising the court of his contentions of error in instruction, take his chances on a favorable verdict, and then, on what is the equivalent of a writ of error, attempt to put his opponent to the burden, delay and expense of a new trial.

■ Error is assigned in overruling a challenge to one of the jurors. It appeared that several years before the juror challenged for cause had been a member of a grand jury which had considered some criminal phase of the bankruptcy of Gus Taylor, Inc. The juror was unable to remember whether he had been one of the grand jurors participating in any matter concerning that corporation, but stated he was sure that he had not formed any opinion that would follow him into the jury box in regard to the determination of the instant controversy, and the judge construed the testimony as establishing that the juror was not disqualified. We find no error. Hawkins v. U. S., 9 Cir., 116 F. 569, 575, 577; Spies v. Illinois, 123 U.S. 131, 179, 8 S.Ct. 22, 31 L.Ed. 80.

Judgment affirmed.